Case number 172519 Rita Johnson versus Timothy Morales. Oral argument is not to exceed 15 minutes per side. Mr. Ellison for the appellant. Good afternoon your honors I'd like to reserve two minutes for rebuttal. Thank you your honor and before we begin I do would like to make one correction to my brief in preparation for the arguments today. On page 29 of my brief I wrote the stage obviously the word not should have been in there and I want to make sure the court I was not trying to concede anything as part of my briefing before the court. One important point and I and I was here two weeks ago in another case involving the same judge from the same court involving a similar procedural posture where this case is at. We are at a 12b6 stage and I want I guess if I can leave nothing else coming out of this oral argument today I want to pound on that the loudest and that no answer has been filed and no discovery has been permitted in any of in this particular case. And the court had these original complaint the first amended complaint and the second the proposed second amended complaint in the midst of the battle of while this whole administrative hearing system was unfolding. My office became involved after Miss Johnson attempted to represent herself at the May 11th she didn't do terrible but she or us didn't do great either but at the same token on that is that after my office became involved and I started investigating these aspects of this administrative hearing system huge amounts of due process procedural due process problems came out. As I continue to work on the case filing FOIAs and collecting evidence and doing additional aspects to us the arguments that I'm coming before you today are as one is that the original the the first amended complaint should not the first three counts of that should not have been dismissed and should have gone to start the discovery process. Also my office is part of that essentially reincorporated those same three claims in the proposed second amended complaint and that is essentially more due process problems, selective enforcement, and substantive due process. In preparing for this argument today there's a lot here there is a lot going on with this particular case but at its core is you got to have a hearing before someone who is neutral and detached that's that's got to be the baseline of an administrative hearing. Is there any administrative appeal after I mean or do you have an appeal to the courts or what happens? The position of the city and its ordinance says is you can appeal to the circuit court although my review of the court rule does not allow that it only allows state agencies to be heard in the circuit court or the court in Michigan we have a court of claims as well sitting in now the court of appeals depending on the agency it comes from. There is in my estimation the way the court rules apply in Michigan no appeal out of the final decision of the appeals of the administrative appeals board. That may be contested by my opponent on that aspect but my ruling my reading on that is there is no such basis going forward. And you didn't try? And we didn't even try no we did not try and the reason being is I don't think the in and ask a circuit court to overturn a city administrative system the city cannot legislate how the state's how the state court system handles itself in that respect and there are no city courts in the city of Saginaw in that respect. Since you're talking about process is there a distinction in the city code or ordinance that issue here between a suspension of a license and provocation? From here it's a suspension but it is unclear if and when the suspension might terminate. The lack of clarity falls to me as well as I read the notice that came from city manager Morales the license is suspended you had a hearing about whether that license is suspended would go forward there is no basis in the ordinance that I can find to reactivate that license back. I can tell you today sitting here today Rita Johnson's cafe her is closed it still remains closed there's been no opportunity to reopen it in any way shape or form since then. So suspension is tantamount really to revocation? That would be my position correct correct and if it's not then I think it's behooves the city to have some sort of process in place to undo a suspension and I can I mean the copy of the of the ordinance is in as part of the record as part of the so here there was a hearing what three days after media suspension a couple of days after yeah you know one can argue that that's a meaningful opportunity to present one's case that the license should not be suspended it's only a three-day period. That's correct now the problem is is the decision though on that hearing wasn't made till 67 days later though so we I want to separate out I think the cases at least as I read them peripherally deal with the issue you're entitled to a hearing. I think that's it's implicit in least in the decisions of that they're entitled to some kind of pre-deprivation hearings you're entitled to a decision on that hearing as well because if you make to have the hearing and you kick the decision down the road I'm sorry. The judge said that there were four days of income that was denied or something that was that's wrong I mean it should have been 67 days and you're that's the property interest that you're that's correct that's correct now in my estimation that's why I kind of was a little bit flippant in my in my appellate brief to you is to say that well if it's so de minimis as the trial judge says is three days then it should have been a pre deprivation hearing not a post deprivation hearing because at this point this is a post deprivation here she was ordered shut down Monday morning the 8th after the events that occurred on May the 6th there's there is essentially nothing that can occur until we have that particular hearing my put my position at least as to the pre and post is a due process argument is the hearing Rita Johnson's case or Rita Johnson's business should have remained open and operating until a decision was had pre having a pre-determination hearing not a post there was no emergency basis I know the city has pounded on this thing that we can protect the health safety moral and welfare of the community and I don't dispute that's the police powers of a but you can't just come in and say I hereby as the city manager decide you don't have a dog leash on your dog for example therefore I'm going to kick you out of your house and kick you out of the city because it's in the safety health and welfare of the city to have a dog on a leash you don't get that carte blanche authority that's where the guide but of course that's where my another argument that has come in here in this in the respect that there's no guideposts or standards going forward for city manager Morales to make these nature of the hearing I looked for it and I didn't I think it's in the record what it is a show cause the way it's to the way the notice was provided notice says then that the as I understand because I have heard I've heard the oral recording of this particular hearing my understanding is a hearing to allow Rita Johnson to convinced convince the HR manager to allow her to have her business back reopened again and a problem I'm sorry do we have it you do not you do not and that's one of the big faults I fall with judge Ludington is he made a lot of jumping a lot of bridges to get to that conclusion that as to what actually happened at that particular you have any other than your burden of proof argument based on the show cause do you make an argument that even have that the hearing itself is inadequate yes I do the argument the argument is is that well to be fair again I go back to this was in the heat of the battle of while this all was falling down I am challenging the appeals board adequacy to be able to conduct that that part of it the here the appeals board and the hearing officer work essentially in tandem as I but you're making arguments about bias and whether they're sufficiently neutral and stuff and also the burden of proof on the show cause but and and maybe because you're constitutionalizing all this but I'm asking the question whether because at least as to the due process I mean it depends upon what this hearing is is it is it meaningful is it you know something where she had a chance to make her point that this was she had nothing to do with this and this you know all the things that she's alleging or or was you know was it just well what do you have to say and if I may I think it's just what do you have to say because and the reason why I would point to that is look to the ordinance and look to what I've alleged in the first or in the first and second amended complaint is there's no standards for which she what she has to show cause what is she part of due process is having notice and the opportunity to be heard the notice part is to notice what you actually need to be able to do at that particular hearing and the but she was notified of the ordinance that they relied on correct there is and that is in the notice and then do I understand correctly that this hearing panel is this appeal panel of three persons they basically get the transcript of that hearing my understanding of that again it was there was no explanation as to their process there's nothing in the ordinance as to what their process is what I understand is they were presented with Dennis Jordan's findings the written findings he made in June of excuse me July of the year the problem you don't have them right what's that do we have them I don't believe you have them in the record either well why why don't we because these were not issued at the time that these complaints were actually made and that's why I started in the beginning by saying these complaints were made in the heat of the battle as this case unfolded none of these things were available at the time when these the first amended complaint in the proposed second amended complaint were provided for this is right on the heels of after the first hearing and the second hearing we didn't have transcripts at this point by the time I showed up to judge Ludington getting him to try to halt this administrative process as being one that's as we call it a sham in this respect the what's important of all of there's a lot and your honors I know there's a lot here I have thrown on the plate of this but what the problem is that goes to its very core is that Rita Johnson as a citizen has to be able to know what it is she's supposed to do as a citizen first of all what was her obligations in running her cafe that goes to my substantive due process the city said some gangsters came by and shot up the her not the gangsters that violates substantive due process now what they're trying to get around is is they're trying to make this hearing system to paper over the problem that well we'll give you the opportunity to try to fight us on this except the the jig was up before she even walked in the hearing officer was was wasn't neutral and detached she wasn't the burden was on the wrong party I mean everything was set up incorrectly to cause her to fail before she even opened a word even even brought her first witness brought anything in that respect the hearing officer accepted Dennis or excuse me city manager Morales his conclusions and city manager Morales never had to prove anything before that administrative hearing panel he never even appeared before the administrative hearing panel so that's the problem that I have here is that from the get-go this case is this this whole administrative system is a mess but are you I see I can't tell if you're challenging that or if I mean it's one thing to say okay the whole thing's a mess but then we look at your claims and your specific claims are that you can't that it violates due process to have a subordinate do this you know that's a very specific claim and it may not have merit and then another one is that the order to show cause you know shifts the burden of proof but I'm well I'm trying to find out if if you're objecting to the hearing itself and then I don't know how you do that because well here's my here if I may my intention was this was I think the outcome of this particular administrative process resulted in a sham an improper conclusion I can't just come to this court and say the administrative hearing officer made a bad decision right what I have to show is the process that led to that ultimate decision is tainted by problems what problems are they tainted by and they're all the ones you're listing that we got a hearing officer that's conflicted we've got the wrong bird and we've got I mean just the list goes on and on and those are the various procedural due process claims that I have made to you to say this system from the get-go and all these various aspects is defunct so that because they're defunct in the final decision is suspect so unless any questions I'll reserve for my rebuttal okay thank you thank you Robert Jordan here on behalf the city of Saginaw first and foremost your honors we I think we started with a very basic elemental point we're talking about a 12b6 motion and that's what the standards based on plan council is correct that's near is based on the pleadings alone but what we've established in our brief and what the court trial court correctly found is is that there was no claim pled that could provide any plausible relief based on we're looking at with respect to these procedural due process violations one of which is the fact that they talked about that there was no neutral arbitrator to be able to preside over this however we're faced with a situation where there's no evidence no factual allegations about why there was no neutral arbitrator except for the fact that the arbitrator was the subordinate of Tim Morales the city manager even the cases that that brother council presented for that though however do not establish that that relationship in and of itself alone creates anything in fact the cases the case law that's that's been cited for our brief as well as a council's brief to address the fact that there is additional additional things that alone does not do it we're looking at is there something that affects the person to become be unbiased and be able to make this decision based on the facts that are presented what is what is the business owner faced with I mean we're we let's assume everything she says in her complaint is true some thugs came along and shot her her business and the next day two days later she's told you have to shut down and she's told that she has to convince the hearing person that she shouldn't have to and I don't know what she's and then she's some section is cited so what are the rules I mean what does what does the city what are they relying on what do they have to show to shut somebody down like that the city has to show that there's a there's some element of the action that requires that to be carried out because they have to protect the health safety and welfare of the general public in the area I mean that that's what the ordinance states I don't want to split hairs but the other thing is we're not looking at a situation where it's two days before the license suspension was issued the shooting happened on May 7th in the morning the suspension came out on May 8th so we're talking about May 7th occurs early in the very next day the very next okay but still what number one what's the urgency is there is this like the fifth shooting or is there any reason to believe that there's a some association between the business and the shooting what's your burden to establish this I mean there's somebody's likelihood at issue here 100% your honor and that's why that's why we look at this suspension immediately for the exigent circumstances of protecting the health safety and welfare with respect to this there were previous incidents at or near this this establishment the the I don't know if we where's the record of all of that your honor that what that wasn't stated I believe in either one except for that I think that was included in our in our brief to this honorable court with respect to what we don't decide on briefs we decide on the record what 100% your honor and how do we not even have the record or the findings of fact of this of of Jordan I mean it's not we don't have any of that and and and that's correct your honor and with how do you dismiss this on a 12b6 this woman's livelihood was taken away well first and foremost once again and if I could take them one at a time we'll start with the the neutral in Arbor Arbor I I don't really see how there's any any allegation of fact whatsoever to show that mr. Jordan was not neutral merely because the fact that he was the an employee and his supervisor was Tim Rallis the city manager I think that that's done then we're looking at the I guess we can address both what what the what's making the determination and with respect to that the there was evidence taken there was testimony taken the Ms. Johnson had every opportunity to be able to cross-examine people to be able to present her own evidence the Dennis Jordan made his decision based on the the facts and evidence and testimony that was presented at at that hearing beyond that the only requirement for us when we're issuing or when I'm sorry when the city's issuing its ultimate determination is that they they provide what the what facts they looked at and what they are what facts they base their determination on and the determination we base that on the fact that there was I believe a city officer who had had previous experience in that area has knows about that that business and you saying all of this was presented at that hearing yes your honor at the at the administrative hearing and did the administrative hearing that hat when did that occur that occurred I believe in they occurred five days after the suspension under a pursuit of this the ordinance so I believe let's see I think the specials on May 8th so 9th 10th 11th 12th the 11th or 12th is when the hearing occurred why not hold the hearing before imposing the suspension I mean you're able to have the hearing pretty quickly anyway I don't the record shows why the city would want to do that I mean why why not just you know have a hearing in three or four days before you deprive this woman of her livelihood and she's got a so-called pre deprivation hearing well and certainly your honor I mean it was the exigent circumstances we're looking at the fact that if you had a record doesn't does a record reflect exigent circumstances I haven't seen anything well your honor I believe the when we're the record does reflect about the 60 shell casings found at the scene the the the gun violence from this one shooter from I'm sorry I'm the one shooting from from this particular incident that we're discussing today it apparently is unrelated to her business well I mean the with respect to unrelated to her business those people were there for a reason they weren't shooting at the sure in that in that sense you're on your honor you're absolutely right it's unrelated but but what we're looking at is with respect to the fact that they needed to address the situation that occurred immediately and we I would say that they run the risk with not protecting the health safety and welfare of another gun violent incident happening in that three to four days that's why that's why the suspension occurred immediately and then right after that we had the hearing within the five days to allow to allow her to be on her case do you agree that for purposes of looking at the property interest for a pre-deprivation hearing it's 67 days or whatever is the relevant time period till decision and not when you actually have the hearing I see which are so yes your honor what you're asking is is that that we're looking at the the process due for the with respect to this coming out 60 days after for the actual decision she'd have to be waiting for that that time you're right right well yes your honor but what we're looking at is with respect to the opportunity to be heard that's that's what the procedural that's the process do is whether they have a fair and impartial hearing to be able to present their that's right that's what we presume normally is you're supposed to have a pre-deprivation hearing yes your honor so why I mean I don't understand why you couldn't give this particular person a pre-deprivation hearing before taking your business away because your honor to be able I like I said first of all we had a hearing that was set that scheduled and occurred five days after but then the decision didn't get made for three months or two months or whatever it was what good is it to have a hearing when you're waiting to get a right you're right your honor but but what is it we're good and well I'm not gonna answer your question with a question but I am looking at it also in the sense that what what good is it to have a pre-deprivation hearing if a decision still took a few weeks to be able to make a determination and she's operating and there's another incident there's another incident we're dealing with the situation of not being able to to control the health safety and welfare in that case so I think that the exigent circumstances are present here how long I believe brother counsel can can answer that better but I mean she had been in business for I at least five or six years I rely my brief if there's no other questions well I guess my only other question is you were dealing with procedural issues but doesn't the complaint set forth a substantive due process claim the she's alleging that the city has deprived her of her license based upon some random act of violence that was unrelated to the operation of her business well that would seem to me from correct about the complaint to at least for purposes purposes of 12b6 to raise a plausible claim for relief for such a claim to process claim well and your honor if I'm not mistaken and like brother counsel mentioned that there's a lot thrown at you there's a lot of procedural history with this case but I believe that was for motion for leave for the sake to file a second and a complaint and that was the substantive due process or brought there and I'm not I'm not trying to qualify but I do think that that that makes an important distinction but it was denied on the basis of futility so we still have to look at the 12b6 issue absolutely and what we what we looked at and I and I believe judge Lennington correctly pointed out there is no allegations for what was arbitrary and capricious there's no allegations to establish what the city did that was so outrageous to establish a substantive due process type of issue when they proceeded with the hearing they suspended her license and that that's how it went there's nothing no allegations about that of discrimination no allegations that they singled her out no allegations that there was some kind of extreme measure taken that the allegation is that it was arbitrary and capricious absolutely your honor but concludes her allegations without any factual support well but she has facts her facts are that this thing happened at my premises that have nothing to do with me and they closed me down the next day you're right you're answer is well that's I think you're saying that's not enough right for to establish arbitrary and capricious correct yes sir why because all she all she alleged was that they shut down her business they didn't allege that that this was done outside of the statutes they didn't allege that this was done in some kind of draconian style where they you know ran in and raided her place and took everything I mean we're talking about us the fact no they just put her out of business the next day they I mean that's certainly now there may be reasons why it's not arbitrary and capricious but I'm not sure what more she needs to say well there has to be there there has to be some kind of allegation that there's no rational basis for that decision for the city's well that's what she's saying well your honor I mean we can we can imply and then accept that it's true but I don't believe the allegations even accepted as true say that there's no rational basis I think she says it's arbitrary and capricious because the fact that they took my license almost a post hoc ergo proctor hot kind of argument it happened you know I they came and took my license and so therefore it's arbitrary and capricious but that doesn't show that there was no rational basis that doesn't show that there were no nothing to the definition when you make it an allegation like that that there's no rational basis basis the standard is it arbitrary and capricious yes your honor you're correct but we're also looking but she is alleging facts too she's not just saying oh they took arbitrary and capricious anger she's saying what what that conduct was the oh absolutely she's alleging facts but as the judge Langston pointed out those facts did not establish that there was no rational basis standard or that that would rise the level of no rational basis she just alleged that what what occurred but there's nothing stating how that would have would have been no rational basis no facts about the city taking acting outside of its powers or outside of this ordinance which I think was what we exactly we would expect when we're talking about that there's no rational basis for this this kind of action to occur basically they're saying there's no rational basis for that statute to be present but the I would I would say that we would have to be looking at a situation where we're looking at the ordinance and that the enforcement of that ordinance was not rationally based and I don't think that there's anything in the in the Second Amendment complaint that alleges any kind of facts that show that that was out acting outside of what that ordinance prescribes did you say that there is somewhere not in our records apparently but there's a an actual written decision of the hearing examiner mr. Jordan findings of fact I legal conclusions or something of that sort and maybe the same for the appeal panel well your honor and I can't I can't speak to it not being in the record but what I meant was that there was a notice provided to ms. Johnson yeah I guess I'm asking that's that's once this decision was rendered 67 days or whatever after the hearing is that decision anywhere to be found no you put me nice I set in the record I I'm that what's what I said I can't speak to that whether that was not specifically in the record I don't believe it was we never I don't think it was provided with our documents and unless brother but apparently you think exists somewhere you just don't know that that's correct it exists somewhere I mean my understand me I'm my understand is miss Johnson has a copy of it okay has a copy of notice that went to her but that would also include the full decision if there is one of the examiner mr. Jordan no whatever findings oh I I'm sorry your honor I then I I misunderstood what you're so I understand that the miss mrs. Johnson was set something so that indicated that her the denial of her license was being upheld or something to them or suspension of it was being upheld I'm just wondering is there anything beyond that in terms of what the hearing examiner determined his decision based upon the hearing that says forth here's how this whole system works this is what is before me I find this for this reason I'm gonna uphold the suspension for that reason things of that nature I see and I thank you for clarifying now I probably wasn't clear my questions well no no you you were very clear that that which you're talking about no I don't believe there's anything beyond the notice that miss Johnson would have received okay and the notice was which notice the show cause or the decision the decision and all it said is we notify you that the decision has been upheld yes we notify yes so you tell you well and then there were of course talking about there's an administrative appeal that was taken after that fact and and so that we're talking about the initial notice for the suspension we're talking about them the notices so what was in front of judge Lettington I believe judge Lettington had in front of them the the copy of the the pleadings as well as any initial exhibits attached with the the complaint and with respect to what we provided that was the exhibits for the ordinance and anything accompanying our motion anything what anything accompanying with our motion for 12 okay so you had he had the ordinance and and in your honor I think that would be basically it but based on what whatever plan provided because we wouldn't have provided anything additional to rise it from 12 b6 to a 56 C thank you thank you mr. Allison yes I guess very briefly you before judge Lettington trying to explain there's way more here to this that and with these complaints were originally drafted and filed in the course of while these administrative hearings were going on we have an incomplete record here for for such dispositive relief that judge Lettington granted and again I start back to where I started from and I you know I don't want to bang on the podium but this is a 12 b6 everything that I plead has to be deemed true every inference that can be drawn from those facts has to be deemed true the city can't come up here and say oh you would have shoulda coulda the problem you say is incomplete record I mean I understand it's 12 b6 and we know what the standard is but it's not uncommon at a 12 b6 scenario not to have all all kinds of other evidence that you might have in a rule 56 I attach them to complaint though it would be if only I attach them and they were available at that particular time the number of the decisions my brother counsel's referencing they weren't available at the time when these complaints were filed and yet still judge Lettington moved 12 b6 this thing out which decisions I'm sorry like for example hearing officer Jordan the appeals you got to remember I filed my original complaint asked judge and I'm filed a motion for a preliminary injunction to enjoin the appeals panel from convening in this matter he denied that but you already had the answer you already had Jordan's decision we had at the time that I filed no at the time of the initial complaint we did not have that we did not have Jordan's decision and how about when the judge granted the 12 b6 motion at that point that was not in the record either because it wasn't Jen it wasn't copies weren't generated that particular point you don't know what you mean by copies weren't any meaning the decision wasn't publicly available to us to be able to attach that for as part of the proposed second amended complaint now by the time judge Ludington actually ruled the date he ruled those things were in existence but they weren't in the court record for when the complaints were actually filed there's a time gap because these things are all rolling out while the while the dispositive or while these things are going on and me trying to challenge to stop this process because it violates all these various reasons in this respect unless I can answer any other questions I appreciate the time here today oh thank you both of you for your arguments this afternoon the case will be submitted